**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: PROFEMUR HIP IMPLANT PRODUCT LIABILITY LITIGATION** | **MDL NO. 2949** |

**INTERESTED PARTY RESPONSE OF PLAINTIFF ROBERT BODILY IN SUPPORT OF TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

## I.   INTRODUCTION

On October 22, 2018 Plaintiff ROBERT BODILY filed a Complaint in the United States District Court, Central District of California, titled *Robert Bodily. v. Wright Medical Technology, Inc., et al.* Case No. 5:18-cv-02244, alleging that as a direct and proximate result of Plaintiff Bodily's use of the PROFEMUR® Hip Implant System, as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff suffered serious physical injury, harm, damages and economic loss and will continue to suffer same in the future, as well as damages for loss of consortium.

On or about March 18, 2020, Plaintiffs Johnny C. Simpson and Elizabeth Simpson filed a Motion for Transfer of Actions pursuant to 28 U.S.C. § 1407 to the Eastern District of Arkansas. On or about March 18, 2020 Plaintiffs Steven M. Chadderdon and Carolyn Chadderdon also filed a Motion for Transfer of Actions pursuant to 28 U.S.C. § 1407 to the Eastern District of Arkansas. In accordance with 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("Panel"), Plaintiff submits his Interested Party Response in support of the transfer and centralization of all federal actions against Wright Medical Technology, Inc., Wright

Medical Group, Inc., Wright Medical Group, N.V. (hereinafter "Wright") and Microport Orthopedics, Inc. (hereinafter "Microport") for recovery for damages sustained from the defective hip implant components marketed as the ProFemur® Total Hip System (collectively the "PROFEMUR Hip Implant System" or "Products").  These actions include personal injury suits filed by individuals implanted with the defective modular stem components and as of May 18, 2020, there were at least Forty-Two (42) actions filed in various federal districts throughout the nation against Wright and/or Microport concerning the alleged defective PROFEMUR Hip Implant System.

## II.     THE PROFEMUR HIP IMPLANT SYSTEM

The PROFEMUR Hip Implant System consists of a modular stem, much like the Stryker Rejuvenate or ABG II or the Zimmer M/L Taper with Kinnectiv Technology, *See* MDL 2441, 2859.  The PROFEMUR is comprised of two parts – the Femoral Stem (the "Stem") and Modular Neck (the "Neck").  The Stem and Neck of the PROFEMUR is prone to movement, fretting and corrosion at the Neck-Stem junction, which leads to premature implant failure.

As outlined in the brief in support of transfer and above, the PROFEMUR Hip Implant System is manufactured by Wright Medical Group and MicroPort Orthopedics, Inc. In late 2019, however, it was announced that Stryker is acquiring Wright Medical Group.[1]

## III.    STANDARD

Multidistrict litigation is designed "to 'promote the just and efficient conduct' of 'civil actions involving one or more common questions of fact' that are pending in different districts." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir.

---

[1] https://investors.stryker.com/press-releases/news-details/2019/Stryker-announces-definitive-agreement-to-acquire-Wright-Medical/default.aspx.

2006) *quoting* 28 U.S.C. § 1470(a)).  Upon a motion for transfer, the Panel "analyzes each group of cases in light of the statutory criteria and the primary purposes of the MDL process to determine whether transfer is appropriate." *In re PPA Products Liability Litigation, 460 F.3d at 1230.*

### IV. CENTRALIZATION IS APPROPRIATE HERE AS THERE ARE COMMON QUESTIONS OF FACT

The related actions share key common questions of fact related to the nature of the defect in the PROFEMUR Hip Implant System implanted into thousands of patients across the United States.  The PROFEMUR Hip Implant System has caused and will continue to cause personal injuries requiring explanting and replacing the device with an alternative femoral system. Additionally, there are key questions of fact regarding Wright and Microport's ongoing conduct in concealing and failing to correct the impact of the marketing and sale of these defective orthopedic devices.

Interested Party Plaintiff agrees that centralization is warranted and will promote the just and efficient conduct of the actions and offer convenience to the various witnesses and the parties.

### V. RELATED ACTIONS PENDING IN FEDERAL COURTS WILL CONTINUE TO GROW

Those who have been injured by a PROFEMUR Hip Implant System have initiated or plan to initiate lawsuits in state and federal courts throughout the United States.  Interested Party Plaintiff(s) is aware of more than Forty-Two (42) lawsuits that have been filed in federal courts and many additional cases have been filed in various state courts.  The number of lawsuits is expected to grow within the coming months.  Wright began distributing the PROFEMUR Hip Implant System in 2001. Unlike other manufacturers, Wright did not warn patients or surgeons that these components have an increased risk of corrosion. Because patients and surgeons were unaware of the potential for the hip system to corrode, the patients were not regularly monitored

for problems associated with implant fractures and metallosis, including a simple blood test that would show any increase in levels of cobalt and chromium in the blood – a sign of metallosis. Therefore, many of the patients have recently become aware that the premature failure and revision of their hip implant was due to a defect in the Products.

The anticipated numerical scope of these cases, as well as the extensive common factual issues shared by these cases, is why Plaintiff seeks consolidation and coordination in a centralized MDL.

## VI. INFORMAL COORDINATION EFFORTS HAVE REACHED AN IMPASSE

Regardless of the number of cases, Plaintiff here are unable to move forward efficiently with the current attempts at informal coordination efforts. These efforts have reached an impasse. Plaintiffs have access to different discovery and different witnesses depending on the jurisdiction, even where those Plaintiffs share the same counsel.

In addition, Defendants are undergoing a change in ownership during the discovery process which may result in a complete overhaul of coordination efforts. Both Plaintiffs and Defendants will be able to coordinate more efficiently when discovery proceedings are streamlined into one centralized process.

## VII. COORDINATION IN STATE COURT HAS ALREADY DEMONSTRATED EFFECTIVENESS

Wright and Microport opposed coordinating Profemur cases pursuant to Shelby County Circuit Court Local Rule 28 in Tennessee. The Shelby County Circuit Court coordinated cases over Wright's and Microport's objections. By coordinating Profemur cases in Shelby County, the parties there were able to avoid unnecessary cost and resources for both Plaintiffs and Defendants.

Should the JMPL centralize Profemur hip implant cases, Defendants will enjoy many of the same benefits of judicial efficiency they currently enjoy in Shelby County, Tennessee. For

example, they will only need to produce documents once, not several times across different jurisdictions. Importantly, discovery will also prevent inconsistent rulings on discovery, factual issues and general causation. *See In Re: AndroGel Prod. Liab. Litig.*, 24 F. Supp. 3d 1378, 1379 (JPML 2014) (centralizing all testosterone replacement therapy actions involving numerous individual drugs manufactured by different companies because the actions shared factual questions regarding general causation and the background science, as well as involved common regulatory issues.)

### VIII. THE EASTERN DISTRICT OF ARKANSAS IS THE MOST FITTING VENUE FOR THE COORDINATED PROFEMUR HIP IMPLANT PRODUCT LIABILITY LITIGATION

The Judicial Panel on Multidistrict Litigation has used various criteria to determine the most appropriate transferee forum under 28 U.S.C. § 1407. Among the factors the Panel has considered when selecting a transferee forum is whether the forum: "(1) is not overtaxed with other MDL cases, (2) has a related action pending in its docket, (3) has a judge with some degree of expertise in handling the issues presented, and (4) is convenient to the parties." Herr, David, *Annotated Manual for Complex Litigation,* § 22.32 at p. 541 (4th ed. 2007).

Judge Kristine G. Baker in the Eastern District of Arkansas has the experience and is well-suited to handle this litigation. Judge Baker's experience handling complex litigation and product liability cases and her extensive experience in the administration of large numbers of cases make her a preferred choice to manage the coordination of these actions.

The Circuit Court of Shelby County Tennessee has already coordinated several PROFEMUR cases pursuant to its Local Rule 28 and is conveniently located only two hours from Little Rock, Arkansas. Additionally, Little Rock Arkansas' close proximity to Memphis and

Arlington, Tennessee, the principal places of business for Wright and Microport, makes the Eastern District of Arkansas an ideal location for the pretrial coordinated proceedings.

## IX. ALTERNATIVELY, THE CENTRAL DISTRICT OF CALIFORNIA IS AN APPROPRIATE FORUM FOR THESE ACTIONS

Alternatively, the Central District of California is well suited for an MDL. Currently there is forty two case(s) filed in the Central District of California. The Central District of California is familiar with the science and damages involved in an orthopedic implant product liability case.

Although the Eastern District of Arkansas is home to many excellent judges, the Honorable Christina Snyder is immensely qualified judge and has overseen multiple MDLs.

## X. CONCLUSION

Accordingly, Interested Party Plaintiff Roberg Bodily join moving parties Johnny C. Simpson and Elizabeth Simpson and moving parties Steven M. Chadderdon and Carolyn Chadderdon's Motion for Transfer and Centralization and requests that this Panel consider the Eastern District of Arkansas and the Honorable Kristine G. Baker as an appropriate Transferee Court, and, alternatively, USDC of the Central District of California.

DATED:  June 18, 2020.

                    Respectfully submitted,

                    */s/    Peter L. Kaufman*
                    PETER L. KAUFMAN
                    PANISH SHEA & BOYLE, LLP.
                    *Attorney(s) for Plaintiff(s)*

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 11111 Santa Monica Boulevard, Suite 700, Los Angeles, CA 90025.

On June 18, 2020, I served true copies of the following document(s) described as  on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 18, 2020, at Los Angeles, California.

*/s/ Sergio Aranda*
Sergio Aranda

**SERVICE LIST**